

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ASSURANCE COMPANY OF AMERICA                              **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:09cv152 HTW-LRA

MARK ERIC SEEPE, INDIVIDUALLY,
MARK SEEPE FUNERAL HOME AND CREMATORIUM,
MARK SEEPE FUNERAL DIRECTORS & CREMATORIUM,
SOUTHERN MORTUARY, INC.,
SOUTHERN MORTUARY SERVICE, INC.,
THE MARK SEEPE SINGLE BUSINESS ENTERPRISE,
BRIERFIELD INSURANCE COMPANY, AND
DONALD K. HICKMAN                                       **DEFENDANTS**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Assurance Company of America ("Assurance"), by its

attorneys, and brings this action for declaratory judgment, and would respectfully show unto the

Court the following:

### NATURE OF ACTION

1.

This is a civil action for declaratory judgment arising out of Assurance's issuance to

Southern Mortuary Services, Inc. DBA Mark Seepe Funeral Home & Crematory ("Southern

Mortuary") a Precision Portfolio Policy providing commercial general liability insurance coverage

(the "Assurance Policy"), policy number PAS 41922494, for two policy years, with policy periods

beginning February 4, 2004 and February 4, 2005. A true and correct copy of the Assurance

Policy for year 2004-05 is attached hereto as Exhibit "A," and the terms thereof are incorporated

by reference herein. A true and correct copy of the Assurance Policy for year 2005-06 is attached hereto as Exhibit "B," and the terms thereof are incorporated by reference herein.

2.

Assurance seeks a declaration of the rights, duties and liabilities of the parties with respect to the claims made in an underlying civil action (the "Underlying Suit" or "Underlying Complaint") filed by Donald K. Hickman against Mark Eric Seepe individually and others (hereinafter collectively the "Seepe Defendants"), Cedarlawn Cemetery or the City of Jackson, Mississippi d/b/a Cedarlawn Cemetery, and Certain Doe Defendants 1-10, for alleged damages arising out of cremation and/or funeral home services performed or not performed by Seepe Defendants. A true and correct copy of the Underlying Complaint is attached hereto as Exhibit "C," and the terms thereof are incorporated herein.

## **THE PARTIES**

3.

Assurance is a corporation organized and existing under the laws of the state of New York with its principal place of business in New York, and is duly licensed by the Mississippi Insurance Department to sell insurance.

4.

Defendant Southern Mortuary is a corporation organized and existing under the laws of the state of Mississippi with its principal place of business in Mississippi.

5.

Defendant Mark Seepe is an adult resident citizen of Hinds County, Mississippi.

6.

The other Seepe Defendants are corporations or business trade names organized and existing under the laws of the state of Mississippi with their principal places of business in Mississippi.

7.

Defendant Brierfield Insurance Company ("Brierfield") is a corporation organized and existing under the laws of the state of Mississippi with its principal place of business in Mississippi.

8.

Defendant Donald Hickman ("Hickman") is an adult resident citizen of Hinds County, Mississippi.

## JURISDICTION AND VENUE

9.

This court has jurisdiction of this action pursuant to 28 U.S.C. §1332, as amended, as the matter in controversy is between citizens of different states and the value in controversy, exclusive of interest and costs, exceeds $75,000.

10.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(a).

11.

Plaintiff is entitled to declaratory relief in accordance with 28 U.S.C. §2201.

-3-



## UNDERLYING CLAIMS

### 12.

On November 29, 2006, Hickman filed the Underlying Suit in the Circuit Court of Hinds

County, Mississippi, being Civil Action No. 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CIV:

> *Donald K. Hickman*
> *v.*
> *Mark Eric Seepe, Individually,*
> *Mark Seepe Funeral Home and Crematorium,*
> *Mark Seepe Funeral Directors & Crematorium,*
> *Southern Mortuary, Inc.,*
> *The Mark Seepe Single Business Enterprise,*
> *Cedarlawn Cemetery or the City of Jackson, Mississippi*
> *d/b/a Cederlawn Cemetery, and Certain Doe Defendants 1-10*

### 13.

Hickman alleges in the Underlying Complaint that the defendants committed various

wrongful and/or negligent acts or omissions in their performance or nonperformance of cremation

and/or funeral home services after the death of Elaine Patricia Kilby Hickman.

### 14.

The Underlying Complaint alleges that Hickman first became aware of the defendants'

wrongful and/or negligent acts or some of them on March 18, 2005.

## THE ASSURANCE POLICY

### 15.

Subject to its various terms, conditions and exclusions, the Assurance Policy issued to

Southern Mortuary gives Assurance the right and duty to defend its insured against any suit

seeking damages to which the insurance provided by the Assurance Policy applies.   Seepe

Defendants demanded that Assurance defend them in the Underlying Suit, and Assurance has done so to the present time, under a full reservation of rights.

## COVERAGE A

16.

Seepe Defendants are not entitled to defense or indemnity under Coverage A of either the 2004-05 or the 2005-06 Assurance Policy for the following reasons:

(a)    Hickman's alleged damages do not constitute "bodily injury" or "property damage" incurred during the policy period and caused by an "occurrence," as those terms are defined by the Assurance Policy.

(b)    Hickman alleges "bodily injury" or "property damage" which was "expected or intended from the standpoint of the insured," and Exclusion a of the Assurance Policy excludes coverage for such damage.

(c)    Hickman alleges "property damage" to "personal property in the care, custody or control of the insured," and Exclusion j(4) of the Assurance Policy excludes coverage for such damages.

(d)    Hickman alleges "'bodily injury' or 'property damage' arising out of the rendering or failure to render any professional service, including but not limited to . . . services performed as a funeral director or as an operator of a cemetery," and Exclusion "o. Professional" excludes bodily injury or property damage arising out of professional services.

(e)    Seepe Defendants are not entitled to defense or indemnity under Coverage A of the Assurance Policy to the extent that any other Assurance Policy exclusion applies to exclude coverage under Coverage A.

-5-

## COVERAGE B

### 17.

Further, Seepe Defendants are not entitled to defense or indemnity under Coverage B of either the 2004-05 or the 2005-06 Assurance Policy for the following reasons:

(a)    Hickman's alleged damages are not the result of "personal and advertising injury" caused by an offense arising out the insured's business during the policy period.

(b)    Seepe Defendants are not entitled to defense or indemnity under Coverage B of the Assurance Policy to the extent that any Assurance Policy exclusion applies to exclude coverage under Coverage B.

## WHO IS AN INSURED

### 18.

Only "Southern Mortuary Services, Inc. DBA Mark Seepe Funeral Home & Crematory" is a Named Insured under the Assurance policy.  Mark Seepe is insured with respect to his duties as an officer or director of Southern Mortuary.  Any defendant who does not qualify as an insured under the Assurance Policy is not entitled to defense or indemnity under the Assurance Policy.

## MORTICIAN'S LIABILITY ("ML")
## ENDORSEMENT - FEBRUARY 4, 2004-05

### 19.

The Assurance Policy Period February 4, 2004 to February 4, 2005 contains a Mortician's Liability ("ML") endorsement, which states that it is "subject to all of the provisions of the policy not expressly modified here."

20.

The ML endorsement provides coverage for the period February 4, 2004 to February 4, 2005 only for three specific types of damages:

1. **bodily injury** (including mental anguish) or **property damage** to which this insurance applies arising out of any malpractice, error or mistake committed by your professional duties as mortician or undertaker.

2. mental anguish arising out of the performance or non-performance of any contract made in the usual course of your cemetery operations for the care, burial or other disposition of a "deceased human body," the conduct of memorial services or the transportation of a "deceased human body" by another, excluding, however, any specific agreement to pay for such mental anguish.

3. **property damage** to urns, caskets, cases, crypts, mausoleums or other property used for the care or burial of a **deceased human body**, owned by others and in your care, custody or control for the purpose of caring for or burying of a **deceased human body**.

21.

The Underlying Complaint does not allege any bodily injury, mental anguish or property damage during the 2004-05 period of the ML endorsement, so no coverage nor duty to defend exists under the ML endorsement.

22.

Seepe Defendants are also not entitled to defense or indemnity under the ML endorsement to the extent that Hickman's alleged damages are the result of any act committed by an insured or

at an insured's direction with knowledge that such act is criminal, because Exclusion (b) of the ML endorsement excludes coverage for such damages.

### FUNERAL DIRECTORS PROFESSIONAL LIABILITY ("FDPL") ENDORSEMENT - FEBRUARY 4, 2005-06

#### 23.

The Assurance Policy for the Policy Period 2005-06 contains a Funeral Directors Professional Liability ("FDPL") endorsement, which modifies the coverage provided under the Assurance Policy for the period February 4, 2005 to February 4, 2006 by (1) stating that Exclusion (o) (Professional Services) of the Assurance Policy does not exclude "funeral director services" ; (2) by modifying and/or adding other exclusions and definitions, and (3) by modifying Section III - LIMITS OF INSURANCE of the Assurance Policy.

It is possible that Seepe Defendants will be held entitled to defense and possibly to limited indemnity for certain damages, to the extent that damages constitute "bodily injury" or "property damage" arising out of "Funeral Director Services," caused by an "occurrence," if such "bodily injury" or "property damage" occurred during the February 4, 2005-06 Policy Period, and if not otherwise excluded under the Assurance Policy.

#### 24.

Seepe Defendants are not entitled to defense or indemnity of the Underlying Complaint to the extent (1) that Seepe Defendants have failed to comply with any of the terms, conditions, and other provisions of the Assurance Policy; or (2) that the damages sought in the Underlying Complaint are excluded by the Assurance Policy.

## THE BRIERFIELD POLICY

### 25.

"Southern Mortuary Services, Inc. dba Mark Seepe Funeral Home & Crematory" is the Named Insured on Brierfield policy number CPP8001678 1 with policy period February 4, 2006 to February 4, 2007 (the "Brierfield Policy"). The Brierfield Policy contains a Commercial General Liability Coverage Form which contains a Funeral Homes or Chapels ("FHC") Endorsement. A true and correct copy of the Brierfield Policy is attached hereto as Exhibit "D," and the terms thereof are incorporated by reference herein.

### 26.

Subject to its various terms, conditions and exclusions, the Brierfield Policy or insurance contract issued to Southern Mortuary gives Brierfield the right and duty to defend its insured against any suit seeking damages to which the insurance provided by the Brierfield Policy applies.

### 27.

The Brierfield Policy's FHC Endorsement states,

> We will also pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", including mental anguish, and "property damage", arising out of the rendering of or failure to render professional services in connection with the insured's business as a funeral director, embalmer or intern.

> All acts or omissions in the furnishing of these services to the human remains or cremains of any one person will be considered on "occurrence".

28.

Pursuant to the terms of the Brierfield Policy, including its FHC Endorsement, Brierfield has a duty to defend and to indemnify its insured(s), Southern Mortuary Services, Inc. dba Mark Seepe Funeral Home & Crematory and/or the Seepe Defendants, as to those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," including mental anguish, and "property damage," arising out of the rendering of or failure to render professional services in connection with the insured's business as a funeral director, provided such damages occurred during the policy period of February 4, 2006-07.

## OTHER INSURANCE CLAUSES

29.

The Assurance Policy and the Brierfield Policy contain identical "Other Insurance" clauses. Pursuant to such clauses, the Assurance Policy and the Brierfield Policy both constitute primary insurance. Assurance is entitled to contribution by equal shares from Brierfield for all defense costs and expenses incurred and to be incurred by Assurance in the defense of Seepe Defendants or any of them in the Underlying Suit.

## DECLARATORY JUDGMENT

30.

Plaintiff repeats and realleges paragraphs 1 through 29 of this complaint as if fully set forth herein.

31.

An actual, substantive and justiciable controversy exists between the parties concerning whether, and to what extent, the Assurance Policy and/or the Brierfield Policy issued to Southern

-10-

Mortuary provide insurance coverage or an obligation to defend the Underlying Suit and for the damages claimed in the Underlying Suit. Assurance, Brierfield, and Seepe Defendants accordingly have a direct, substantial, and present interest in having the Assurance Policy construed by the Court. Hickman also is an interested and proper party defendant, pursuant to *Coleman v. Mississippi Farm Bureau Ins. Co.*, 708 So. 2d 6 (Miss. 1998). Hickman is thus joined as a defendant herein so that the declaratory judgment sought herein will be binding and conclusive as to his present or future rights or lack thereof under the Assurance Policy and the Brierfield Policy.

32.

Pursuant to the terms, conditions and exclusions of the Assurance Policy and the Brierfield Policy, Assurance is entitled to a declaratory judgment that–

a. For the Policy Year February 4, 2004-2005, Assurance has no coverage obligations to Seepe Defendants under the CGL nor the ML endorsement of the 2004-05 Assurance Policy with respect to the Underlying Suit; and

b. For the Policy Year 2005-2006, the coverage or indemnity obligations to Seepe Defendants or Hickman under the Assurance Policy are limited under the FDPL endorsement to "bodily injury" or "property damage" arising out of "Funeral Director Services," caused by an "occurrence" during the February 4, 2005-06 policy period, which are not otherwise excluded by the Assurance Policy; and

c. Brierfield has a duty to defend its insured(s), Southern Mortuary Services, Inc. dba Mark Seepe Funeral Home & Crematory and/or the Seepe Defendants, with respect to the Underlying Suit; and

-11-

d.  Brierfield has a duty to indemnify its insured(s), Southern Mortuary Services, Inc. dba Mark Seepe Funeral Home & Crematory and/or the Seepe Defendants, for any damages because of "bodily injury," including mental anguish, and "property damage," arising out of the rendering of or failure to render Professional services in connection with the insured's business as a funeral director during the policy period of February 4, 2006-07; and

e.  Brierfield has a duty to reimburse Assurance for one half of the costs of defense of the Underlying Suit thus far incurred by Assurance, and to contribute by equal shares to costs of defense to be incurred in the future, under the terms of the Brierfield Policy and the Assurance Policy and the doctrines of Equitable Subrogation, indemnity and/or contribution, together with legal interest.

## REQUEST FOR RELIEF

WHEREFORE, Assurance respectfully requests judgment in its favor and against the defendants herein, and requests that the following relief be awarded by the Court:

1.  Enter judgment in favor of Assurance by declaring that–

a.  For the Policy Year February 4, 2004-2005, Assurance has no coverage obligations to Seepe Defendants under the CGL nor the ML endorsement of the 2004-05 Assurance Policy with respect to the Underlying Suit; and

b.  For the Policy Year 2005-2006, the coverage or indemnity obligations to Seepe Defendants or Hickman under the Assurance Policy are limited to "bodily injury" or "property damage" arising out of "Funeral Director Services," caused by an "occurrence" during the February 4, 2005-06

-12-

policy period, which are not otherwise excluded by the Assurance Policy; and.

c.  Brierfield has a duty to defend its insured(s),Southern Mortuary Services, Inc. dba Mark Seepe Funeral Home & Crematory and/or the Seepe Defendants, with respect to the Underlying Suit; and

d.  Brierfield has a duty to indemnify its insured(s), Southern Mortuary Services, Inc. dba Mark Seepe Funeral Home & Crematory and/or the Seepe Defendants, for any damages because of "bodily injury," including mental anguish, and "property damage," arising out of the rendering of or failure to render Professional services in connection with the insured's business as a funeral director during the policy period of February 4, 2006- 07; and

e.  Brierfield has a duty to reimburse Assurance for one half of the costs of defense of the Underlying Suit thus far incurred by Assurance and to contribute by equal shares to costs of defense to be incurred in the future, under the terms of the Brierfield Policy and the Assurance Policy and the doctrines of Equitable Subrogation, indemnity and/or contribution, together with legal interest.

2.    Award such other relief as is just and proper, including but not limited to pre-judgment and post-judgment interest on all amounts owed to Assurance by Brierfield, and Assurance's recoverable court costs in this declaratory judgment action.

Respectfully submitted,

ASSURANCE COMPANY OF AMERICA

BY: _____
OF COUNSEL

JOHN B. CLARK - BAR # 6263
jclark@danielcoker.com
TOM JULIAN - BAR # 101905
tjulian@danielcoker.com
DANIEL COKER HORTON AND BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116